IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:11CV002-DSC

ELEANOR C. FIELDS,  )
Executrix of the Estate of  )
Hugh Andrew Fields, ,  )
 )
      Plaintiffs,  )
 )
      vs.  )      **MEMORANDUM AND ORDER**
 )
**GOLDEN RULE INSURANCE**  )
**COMPANY,**  )
 )
      **Defendant.**  )
 )

**THIS MATTER** is before the Court on Defendant's "Motion for Judgment on the Pleadings ..." (document #21) and the parties' associated briefs and exhibits. See docket entries ## 21, 24 and 25.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. §636(c).

Having fully considered the arguments, the record, and the applicable authority, the Court denies Defendant's Motion, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover compensatory and punitive damages for wrongful termination of a health insurance policy. Plaintiff, the insured under that policy,[1] contends that it was wrongfully terminated. Defendant Golden Rule Insurance Company, the insurer, contends that the policy was properly terminated for nonpayment of premium.

---

[1] Initially, the Plaintiff in this case was Hugh Andrew Fields. Upon his death, his wife Eleanor C. Fields was appointed Executrix of the Estate of Hugh Fields and substituted as Plaintiff. Document #17. As such, the term Plaintiff herein will refer to Hugh Andrew Fields.

Accepting as true the factual allegations in the Amended Complaint, "[f]rom 1986 through at least June 2010, Golden Rule provided health insurance to Plaintiff pursuant to its Policy No. 052018280." Document #12 at 2, ¶ 4. "In 2009 and continuing through 2010, Plaintiff was diagnosed with and treated for leukemia.... [and] substantial medical bills for Plaintiff's care were presented to and paid by Golden Rule." Id. at 2, ¶ 5.

Plaintiff filed a voluntary bankruptcy petition on January 5, 2010 in the United States Bankruptcy Court, Western District of North Carolina, Wilkesboro Division, under Chapter 7 of the Bankruptcy Code. Exhibit 1 to Appendix to Document #21. Plaintiff did not disclose that his assets included any claim against Defendant in any of his bankruptcy filings. Id.

"On or about July 27, 2010, Plaintiff received from Golden Rule various Explanation of Benefits… [which] was the first notice Plaintiff had that Golden Rule contended that his coverage had been terminated." Document #12 at 3, ¶ 9. "Upon receipt of the … Explanation of Benefits, Plaintiff immediately contacted a customer service representative of Golden Rule, who advised that Golden Rule had not received Plaintiff's premium payment." Id. at 3, ¶ 11. "Plaintiff was advised to apply for "reinstatement"… [and did so] on July 27, 2010." Id. "By letter dated August 5, 2010, Golden Rule refused to reinstate Plaintiff's coverage because of [his medical conditions]." Id. "Thereafter, Plaintiff and his insurance agent contacted a representative of Golden Rule and a telephone conference was held on or about September 8, 2010." Id. at 4, ¶ 12. At the conclusion of this conference, "it was clear to Plaintiff and his agent that his coverage would not be voluntarily reinstated, and the agent advised Plaintiff to hire a lawyer." Id.

On December 15, 2010, Plaintiff filed this lawsuit in Mecklenburg County Superior Court alleging claims for wrongful termination of health insurance policy, aggravated breach of contract, violations of N.C. Gen Stat. § 58-41-15, § 58-63-15, and § 75-1.1, and intentional and negligent

2

infliction of emotional distress.

On January 3, 2011, Defendant timely removed the case to the United States District Court for the Western District of North Carolina alleging the existence of diversity subject matter jurisdiction.

On February 24, 2011, the Final Decree was issued in the bankruptcy case, closing it. Exhibit 2 to Appendix to Document #21.

On June 28, 2011, Defendant filed its Motion for Judgment on the pleadings alleging that because Plaintiff failed to list his claim against it as an asset of his bankruptcy estate, his present claims are barred by judicial estoppel and/or lack of standing. Defendant's Motion is predicated on the premise that under prevailing bankruptcy law, Plaintiff was required to list his claim against it as an asset.

Defendant's Motion has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION

Although a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is separate and distinct from a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the distinction is one without a difference [because federal courts] apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Accord Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) ("viewing the Defendants' motion as a Rule 12(c) motion does not have a practical effect upon our review, because we review the district court's dismissal de novo and in doing so apply the standard for a Rule 12(b)(6) motion").

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded

allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will

... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

Defendant's argument that Plaintiff lacks standing to assert his claim because it is the property of the bankruptcy estate is contrary to prevailing Fourth Circuit precedent, as Defendant concedes in its briefs. To the contrary, it is well settled that lack of standing arises only where the unlisted cause of action had accrued prior to the filing of the bankruptcy petition. Tignor v. Parkinson (In re Tignor), 729 F.2d 977, 980-81 (4th Cir. 1984); Miller v. Pacific Shore Funding, 287 B.R. 47, 50 (D.Md. 2002).

Defendant's remaining argument is that Plaintiff is estopped from pursuing his claim because he failed to list it as an asset of the estate. The relevant bankruptcy statute provides:

> (a) The commencement of a case…creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided…all legal or equitable interests of the debtor in property <u>as of the commencement of the case</u>.

11 U.S.C. § 541 (a) (emphasis added). The statute does provide for the estate to include property acquired by the debtor subsequent to filing, <u>but only for</u>:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire <u>within 180 days after such date</u> – (A) by bequest, device or inheritance; (B) as a result of property settlement agreement…, or (C) as beneficiary of a life insurance policy or of a death benefit plan.

Id. (emphasis added). The effect of these provisions has been explained as follows:

> Under section 541(a), and with a few enumerated exceptions, the bankruptcy estate consist of all the debtor's legal and equitable interests that existed <u>as of the commencement of the case</u>, that is, as of the time that the bankruptcy petition, voluntary or involuntary, is filed.

5 COLLIER ON BANKRUPTCY § 541.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added). And:

> The date of the bankruptcy petition is generally controlling for defining estate property, and property acquired by the debtor after the petition is filed may be retained by the debtor, clear of all claims ultimately discharged by the bankruptcy proceedings.

<u>In re Dwight E. Avis, Debtor</u>, 178 F.3d. 718, 720 (4th Cir. 1999). In a case decided by the Bankruptcy Court in this District, the debtor was allowed to retain funds deposited in her account the day after filing, even though she mistakenly included those moneys in her filings, <u>In re Preston</u>, 428 B.R. 340 (W.D.N.C. 2009).

If a debtor's right to payment under an insurance policy existed and was known to the debtor as of the filing date, then any claim to the proceeds is part of the estate and judicial estoppel may apply. If, however, the claim and right to payment did not exist as of the filing date, then the claim and right to payment are not part of the estate. <u>See, e.g.</u>, <u>Solano v. American Bankers Ins. Co. of Florida</u>, 365 B.R. 196 (D. Colo. 2007); <u>Field v. Transcontinental Insurance Company</u>, 219 B.R. 115 (E.D. Va. 1998); <u>In re Doemling</u>, 127 B.R. 954 (W.D. Penn. 1991). The only exception recognized is for claims "sufficiently rooted in the pre-bankruptcy past," <u>Segal v. Rochelle</u>, 382 U.S. 375, 380 (1966); <u>see generally</u>, 5 COLLIER ON BANKRUPTCY § 541.02, 541.10 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

As Plaintiff argues in her brief, the cases Defendant cites in support of its Motion involve either active litigation at the time the bankruptcy petition was filed, or at a minimum, claims that

6

had accrued at the time the petition was filed.  See Jethroe v. Omnova Solutions, Inc., 412 F.3d 598 (5th Cir. 2005); In re Family Dollar FLSA Litigation, 2009 WL 1750908 (W.D.N.C. 2009) Brockington v. Jones, 2007 WL 4812205 (D.S.C. 2007): Casto v. American Union Boiler Company, 2006 WL 660458 (S.D.W.VA. 2006); Calafiore v. Werner Entreprises, 418 F.Supp.2d 795 (D. Md. 2006); Thomas v. Palmetto Management Services, 2006 WL 2623917 (D.S.C. 2006); Ferguson v. Building Materials Corporation, 276 S.W.3d 45 (Tex.App. 2008), rev'd., 295 S.W.3d 642 (Texas 2009).

Applying these legal principles to the facts in this case, Plaintiff is not judicially estopped from pursuing this claim against Defendant.  Plaintiff had no notice of the existence of such a claim until July 27, 2010, more than 180 days after he filed his bankruptcy petition.  See 11 U.S.C. § 541 (a)(5) (property of estate as of date petition filed unless certain exceptions apply within 180 days of its filing).  Absent notice of Defendant's intent to terminate the policy, Plaintiff's illness and his knowledge that Defendant was making significant benefits payments on his behalf were insufficient to qualify for the "sufficiently rooted in the pre-bankruptcy past" exception.  See Segal, 382 U.S. at 380; 5 COLLIER ON BANKRUPTCY § 541.02, 541.10 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

### III.  ORDER

**FOR THE FOREGOING REASONS, IT IS HEREBY ORDERED** that Defendant's "Motion for Judgment on the Pleadings" (document #21) is **DENIED**.  The Clerk is directed to send copies of this Memorandum and Order to the parties' counsel.

**SO ORDERED, ADJUDGED AND DECREED.**

Signed: July 22, 2011

David S. Cayer
United States Magistrate Judge